UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CASEY E.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. C20-5668-MAT

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

      Plaintiff proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's applications for Child Disability Benefits (CDB) and Supplemental Security Income (SSI) after a hearing before an administrative law judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for further administrative proceedings.

## FACTS AND PROCEDURAL HISTORY

      Plaintiff was born on XXXX, 1993.[1] Plaintiff has at least a high school education and has no past relevant work. (AR 352.) Plaintiff filed an application for CDB and SSI on April 24, 2018,

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

alleging disability beginning May 14, 2012. (AR 262–71.) The applications were denied at the initial level and on reconsideration. On May 30, 2019, the ALJ held a hearing and took testimony from Plaintiff and a vocational expert (VE). (AR 98–130.) On September 3, 2019, the ALJ issued a decision finding Plaintiff not disabled. (AR 52–69.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on May 11, 2020 (AR 1–7), making the ALJ's decision the final decision of the Commissioner. Plaintiff appeals this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). "Substantial evidence" means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).

At step one, the ALJ must determine whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (AR

57.)

At step two, the ALJ must determine whether a claimant suffers from a severe impairment. The ALJ found Plaintiff has the following severe impairments: schizophrenia spectrum disorder, Crohn's disease of large intestine without complication, and type 2 diabetes mellitus. (AR 58.) The ALJ also found that record contained evidence of other complaints and diagnoses, including mild obesity, which did not rise to the level of severe impairment. (AR 58.)

At step three, the ALJ must determine whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 58–60.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff able to perform a full range of work at all exertional levels with the following limitations: "occasional, superficial interaction with the public and co-workers; following plans and goals set by others; and ready access to a bathroom." (AR 60.)

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work as here, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of a VE, the ALJ found Plaintiff capable of performing other jobs, such as work as a cleaner, housekeeping, marker, and routing clerk. (AR 63–64.)

Plaintiff argues that the ALJ erred by (1) not providing specific and legitimate reasons for discounting the opinion of the examining psychologist, Dr. Alysa Ruddell, Ph.D., and (2) failing to provide specific, clear, and convincing reasons for discounting Plaintiff's allegations of mental

dysfunction. Plaintiff requests remand for further administrative proceedings. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

**1. Medical Opinions**

The regulations effective March 27, 2017, require the ALJ to articulate how persuasive the ALJ finds medical opinions and to explain how the ALJ considered the supportability and consistency factors.[2] 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b). The regulations require an ALJ to specifically account for the legitimate factors of supportability and consistency in addressing the persuasiveness of a medical opinion. The "more relevant the objective medical evidence and supporting explanations presented" and the "more consistent" with evidence from other sources, the more persuasive a medical opinion or prior finding. *Id*. at §§ 404.1520c(c)(1)–(2), 416.920c(c)(1)–(2).

Further, the Court must continue to consider whether the ALJ's analysis is supported by substantial evidence. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *see also Zhu v. Comm'r of Social Sec.*, No. 20-3180, 2021 WL 2794533, at *6 (10th Cir. July 6, 2021) (applying the substantial evidence standard under the 2017 regulations). With these regulations and considerations in mind, the Court proceeds to its analysis of the medical evidence in this case.

A. <u>Dr. Alysa Ruddell, Ph.D.</u>

Dr. Ruddell performed a psychological evaluation of Plaintiff on January 22, 2018. (AR 413–14.) Dr. Ruddell assessed Plaintiff with moderate limitations in his ability to adapt to changes in a routine work setting, make simple work-related decisions, be aware of normal hazards and

---

[2] The Ninth Circuit has not yet addressed the 2017 regulations in relation to its standard for the review of medical opinions.

ORDER
PAGE - 4

take appropriate precautions, ask simple questions or request assistance, communicate and perform effectively in a work setting, maintain appropriate behavior in a work setting, and complete a normal work day and work week without interruptions from psychologically based symptoms. (AR 415.) Dr. Ruddell assessed Plaintiff with marked limitation in his ability to set realistic goals and plan independently. (AR 415.) In all other areas, Dr. Ruddell rated Plaintiff with none to mild limitation. (AR 415.) Dr. Ruddell assessed that Plaintiff's overall severity rating was moderate but opined that vocational training or services would minimize or eliminate Plaintiff's barriers to employment. (AR 415.)

The regulations require the ALJ to articulate the persuasiveness of each medical opinion and explain how the ALJ considered the supportability and consistency factors for that opinion. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b). The ALJ found Dr. Ruddell's opinion "persuasive because it is consistent with and supported by the overall record and the claimant's demonstrated functioning." (AR 62.) Additionally, the ALJ included the limitation "following plans and goals set by others" in order to "address[] Dr. Ruddell's one marked limitation." (AR 62.)

Plaintiff argues that the ALJ failed to accommodate Plaintiff's moderate limitations assessed by Dr. Ruddell. The Court agrees. An RFC must include all of the claimant's functional limitations supported by the record. *See Valentine v. Comm'r Social Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). Accordingly, the ALJ is responsible for "translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r Social Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008)). Here, Dr. Ruddell assessed Plaintiff with several moderate limitations in basic work activities, as described above. The form that Dr. Ruddell used defined "moderate" as "significant limits on the ability to perform

ORDER
PAGE - 5

one or more basic work activity." (AR 415.) The ALJ articulated that he found Dr. Ruddell's opinion persuasive, yet the ALJ failed to account for the moderate limitations opined by Dr. Ruddell in the RFC. The ALJ, therefore, erred by improperly assessing the moderate limitations identified by Dr. Ruddell.

The Commissioner asserts that Plaintiff's moderate limitations opined by Dr. Ruddell were accommodated by the limitation in the RFC that limited Plaintiff to "following plans and goals set by others." (AR 60.) Although the ALJ may incorporate the opinions of a physician by assessing RFC limitations entirely consistent with but not identical to limitations assessed by the physician, *see Turner v. Comm'r of Social Sec. Admin.*, 613 F.3d 1217, 1222–23 (9th Cir. 2010), the RFC here was neither consistent nor identical with the limitations assessed by Dr. Ruddell. The RFC contains three limitations: "occasional, superficial interaction with the public and co-workers; following plans and goals set by others; and ready access to a bathroom." (AR 60.) None of these limitations account for Plaintiff's moderate limitations in his ability to function in a work setting, including adapting to changes in routine, making simple work-related decisions, being aware of normal hazards and taking appropriate precautions, asking simple questions or requesting assistance, communicating and performing effectively, maintaining appropriate behavior, and completing a normal work day and work week without interruptions from psychologically based symptoms. (AR 415.) Indeed, the ALJ noted that he included the limitation for "following plans and goals set by others" in order to address Dr. Ruddell's one marked limitation. (AR 62.) Thus, according to the ALJ's own explanation, the ALJ did not include limitations to address Dr. Ruddell's moderate limitations.

In this case, where the ALJ has not properly rejected the opinion of Dr. Ruddell, the ALJ erred by failing to include the limitations assessed therein. *See Bayliss v. Barnhart*, 427 F.3d 1211,

ORDER
PAGE - 6

1217–18 (9th Cir. 2005) (an RFC assessment need not account for limitations or impairments that the ALJ properly rejected). This error was harmful because the RFC did not account for all of Plaintiff's functional limitations supported by the record.

### 2. Plaintiff's Symptom Testimony

Plaintiff contends that the ALJ improperly evaluated Plaintiff's testimony. The rejection of a claimant's subjective symptom testimony[3] requires the provision of specific, clear, and convincing reasons. *Burrell v. Colvin*, 775 F.3d 1133, 1136–37 (9th Cir. 2014) (citing *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012); *see also Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). An ALJ may reject a claimant's symptom testimony when it is contradicted by the medical evidence, but not when it merely lacks support in the medical evidence. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting a claimant's subjective testimony."); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 5002) ("[L]ack of medical evidence cannot form the sole basis for discounting pain testimony.").

Plaintiff alleges that he is unable to work because his impairments require him to be near a bathroom, prevent him from being well-rested, give him extreme irritability, and cause him to have slight anger issues. (AR 300.) Plaintiff further alleges that he lacks patience, "see[s] and hear[s] things that aren't there," and that his impairments affect his memory and his ability to get

---

[3] Effective March 28, 2016, the Social Security Administration (SSA) eliminated the term "credibility" from its policy and clarified the evaluation of a claimant's subjective symptoms is not an examination of character. SSR 16-3p. The Court continues to cite to relevant case law utilizing the term credibility.

ORDER
PAGE - 7

along with others. (AR 305, 320.) The ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms" but that Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (AR 60.)

The ALJ cited inconsistencies in the record that undermine Plaintiff's testimony regarding the severity of his symptoms. Specifically, the ALJ cited evidence in the record that Plaintiff reported seven to 12 hours of solid sleep in a night and that he goes without sleep once or twice a month. (AR 60, citing AR 414.) Similarly, the ALJ cited evidence that Plaintiff inconsistently reported abdominal pain (AR 60, citing 379, 381, 821, 824) and that medical providers generally observed Plaintiff to be in no acute distress, heard normal bowel sounds, and appreciated no abdominal masses. (AR 60, citing AR 455, 456, 787, 792, 799, 810.) Plaintiff proffers alternative interpretations of Plaintiff's reports and the medical summaries; however, the ALJ's interpretation is at least equally rational and not properly disturbed. *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). Accordingly, the ALJ did not err in finding that Plaintiff's reports regarding the severity of his symptoms were inconsistent with both Plaintiff's reports and the medical evidence.

The ALJ also found that Plaintiff inconsistently reported experiencing hallucinations. (AR 61.) Plaintiff cites to evidence in the record documenting the presence of hallucinations in Plaintiff's treatment notes in arguing that the ALJ improperly discounted Plaintiff's symptom testimony. Plf. Br. at 9. Although Plaintiff correctly notes that there is evidence in the record documenting Plaintiff's experiences with hallucinations (AR 416, 486–87, 489–90, 559, 567, 575, 578, 726, 837), the ALJ discounted Plaintiff's testimony regarding the severity of his symptoms

ORDER
PAGE - 8

(AR 60–61) and not regarding the existence of Plaintiff's hallucinations. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("[T] medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."). Indeed, the ALJ found at step two that Plaintiff had the severe impairment of schizophrenia spectrum disorder. (AR 58.) Accordingly, Plaintiff's argument does not establish error in the ALJ's evaluation of Plaintiff's testimony regarding the severity of his symptoms. Even if the ALJ did err in assessing the medical evidence regarding Plaintiff's hallucination, this error was harmless because the ALJ found that Plaintiff had a severe limitation of schizophrenia spectrum disorder. *See Stout v. Comm'r, Social Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (recognizing application of harmless error in Social Security context where a "mistake was nonprejudicial to the claimant").

The ALJ further discounted Plaintiff's symptom reports finding that Plaintiff's "treatment history also shows that his alleged impairments have generally not been as severe as he alleged." (AR 61.) Plaintiff reported that his medications improved his ability to function. (AR 61, citing AR 413.) Additionally, the ALJ cited evidence that Plaintiff's mental health symptoms improved with therapy. (AR 61, citing 557, 565, 608, 639, 643–44, 733, 838.) The ALJ also noted that Plaintiff's treatment providers encouraged him to exercise and improve his diet to improve his blood sugar and Crohn's symptoms. (AR 456, 578.) Impairments that can be controlled effectively with treatment are not disabling for the purpose of determining disability benefits. *Warre ex rel. E.T. IV v. Comm'r of Social Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006); *see also Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("Such evidence of medical treatment successfully relieving symptoms [of chronic mental disorders] can undermine a claim of disability."). Accordingly, the ALJ did not err by discounting Plaintiff's symptom reports by finding that

ORDER
PAGE - 9

Plaintiff's physical and mental health symptoms were not as severe as alleged and that they improved with treatment.

Finally, the ALJ found that Plaintiff engaged in activities consistent with the ability to perform a full range of physical exertion work, including performing his own daily living activities, taking care of cats, shopping in stores weekly, preparing simple meals daily, doing household chores, playing video games, talking online with friends daily, seeing his therapist, and going to the movie theater regularly. (AR 61, citing AR 301, 303–4.) Plaintiff argues that the ALJ erred by "discounting Plaintiff's allegations of mental dysfunction" because he was able to able to perform these daily activities, which do not necessarily conflict with his allegations of homicidal thoughts, hallucinations, and irritable mood and that his mental dysfunction varied from day to day. Pl. Br. at 12. Plaintiff, however, mischaracterizes the ALJ's analysis. The ALJ cited Plaintiff's daily activities in finding that "the claimant engaged in activities that are consistent with the ability to perform a full range of *physical exertion work*." (AR 61 (emphasis added).) Plaintiff does not assign error to the ALJ's evaluation of Plaintiff's ability to perform physical exertion work. Indeed, an ALJ may consider daily activities in evaluating a claimant's testimony regarding his physical limitations. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("[I]f a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that *are* transferable to a work setting, a specific finding as to this fact may be sufficient to discredit an allegation of disabling pain." (emphasis in original)); *see also Morgan*, 169 F.3d at 600 (claimant's ability to fix meals, do laundry, work in the yard, and occasionally care for his friend's child was evidence of claimant's ability to work). Accordingly, the Court finds that the ALJ did not err in evaluating Plaintiff's symptom testimony based on Plaintiff's daily physical activities.

For the foregoing reasons, the Court concludes that the Plaintiff has not shown error in the ALJ's evaluation of Plaintiff's symptom testimony. Nevertheless, because the Court finds the ALJ erred in assessing the moderate limitations opined by Dr. Ruddell, the ALJ should reevaluate Plaintiff's symptom claims in the context of the entire record and Plaintiff's limitations on remand.

## CONCLUSION

For the reasons set forth above, this matter is REVERSED and REMANDED for further administrative proceedings.

DATED this 23rd day of July, 2021.

MARY ALICE THEILER
United States Magistrate Judge