UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CASEY EADS,<br><br>                Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant. | CASE NO. 3:20-CV-5668-MAT<br><br>ORDER GRANTING MOTION FOR ATTORNEY'S FEES |

THIS MATTER comes before the Court on Plaintiff's Motion for Attorney's Fees Pursuant to 28 U.S.C. § 2412(d) (Motion). Dkt. 32. The Commissioner requests that the Court reduce the requested fees by ten percent. Dkt. 33. In his reply in support of the Motion (Reply), Plaintiff amends his fee request to account for the time he spent drafting the Reply. Dkt. 34. Having reviewed and considered the parties' arguments, and for the reasons described below, the Court finds that the fees expended in the litigation were reasonable. Accordingly, the Court GRANTS the Motion and awards fees to Plaintiff in an amount of $7,883.43.

**<u>DISCUSSION</u>**

Under the Equal Access to Justice Act (EAJA), the Court awards fees and expenses to a prevailing party in a suit against the government "unless the court finds that the position of the

ORDER
PAGE - 1

United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Plaintiff initially requested an award of fees in the amount of $7,071.22. The Commissioner does not argue substantial justification; however, the Commissioner requests that the Court exercise its discretion to reduce the initial fee request by ten percent, equal to $707.12, and award fees in the amount of $6,364.10. Dkt. 33. Plaintiff amends his fee request in his Reply to $7,883.43 to account for the time he spent drafting the Reply. Dkt. 34.

Where attorneys' fees are available, the district court must determine what constitutes a reasonable attorneys' fee. *See Costa v. Comm'r of Social Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012). The Court applies the principles established for determining a reasonable fee award set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), and other cases interpreting 42 U.S.C. § 1988. *See id.* Under *Hensley*, the Court may exclude from the fee calculation hours that were not "reasonably expended." 461 U.S. at 434. "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." *Id.* at 437. If the government disputes the reasonableness of the fee, it "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397–98 (9th Cir. 1992). The Court has an independent duty to review the submitted itemized log of hours to determine the reasonableness of hours requested in each case. *See Hensley*, 461 U.S. at 433, 436–37. However, "a district court can impose a reduction of up to 10 percent—a 'haircut'—based purely on the exercise of its discretion and without more specific explanation." *Costa*, 690 F.3d at 1136 (citing *Moreno v. City of Sacramento*, 534 F.3d 1103, 1112 (9th Cir. 2008)).

The Commissioner argues that Plaintiff's request for attorneys' fees should be reduced by

ORDER
PAGE - 2

ten percent, in an amount of $707.12, for several reasons, citing *Wilkinson v. Comm'r of Soc. Sec.*, No. 3:19-CV-6143 (W.D. Wash. Feb. 11, 2021). First, the Commissioner argues that the record in this matter was 854 pages, which, is below the mean for similar cases in this district. Second, the Commissioner argues that Plaintiff spent 26.6 hours on the Opening Brief, which was well above the mean for similar cases in this district. Third, the Commissioner argues that Plaintiff raised arguments that were neither unusual nor complex and raised only two issues: the ALJ's evaluation of one medical opinion and Plaintiff's testimony.

"[T]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. Plaintiff seeks $6,793.36 for 31.8 hours expended pursuing this case to judgment. Dkt. 32, at 6. Plaintiff also requests an additional $277.86 for 1.3 hours drafting the Motion for EAJA fees and, in his reply, requests another $812.21 for 3.8 hours researching and drafting the Reply. *Id.*; Dkt. 34. Although the Commissioner asserts that Plaintiff spent more time than the mean on the Opening Brief than similar cases in this district, the Ninth Circuit has found that it is "an abuse of discretion to apply a de facto policy limiting social security claimants to twenty to forty hours of attorney time in 'routine' cases." *Costa*, 690 F.3d at 1136. Accordingly, assessing reasonable time spent on a case "depend[s] on case-specific factors including, among others, the complexity of the legal issues, the procedural history, the size of the record, and when counsel was retained." *Id.* Here, the Commissioner has not shown that the time spent was excessive. Plaintiff's counsel was retained for the appeal and, while Plaintiff asserted two narrow challenges on appeal, the issues were heavily fact specific. Therefore, the Court defers to Plaintiff's lawyer's judgment as to the time required to litigate the matter and declines the Commissioner's request to reduce the fee requested. *See Costa*, 690 F.3d at 1135 ("[C]ourts should generally defer

to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'" (quoting *Moreno*, 534 F.3d at 1112)).

## **CONCLUSION**

For these reasons, Plaintiff's Motion (Dkt. 32) is GRANTED. The Court awards Plaintiff $7,883.43 in attorney's fees. Subject to any offset allowed under the Treasury Offset Program, as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010), the check for EAJA fees shall be made payable to Dellert Baird Law Offices, PLLC, based upon Plaintiff's assignment of this fee to his attorney. The check for EAJA fees shall be mailed to Dellert Baird Law Offices, PLLC, 2805 Bridgeport Way W, #23, University Place, WA, 98466. If the award is subject to offset, the fee award shall be made payable to Plaintiff and mailed to him.

DATED this 28th day of October, 2021.

MARY ALICE THEILER
United States Magistrate Judge